**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**PAUL PUTNAM,**

**Plaintiff,**

**v.**

**MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,**

**Defendant.**

**Case No. 09-CV-338-PJC**

## OPINION AND ORDER

**NOW** before this Court is Plaintiff's Motion to Remand filed December 21, 2009. (Dkt. #16). For the reasons discussed below, Plaintiff's Motion is hereby **GRANTED**.

Putnam filed his Complaint on June 1, 2009, requesting a review of the Commissioner's disallowance of Putnam's claim for disability benefits under the Social Security Act, 42 U.S.C. §§ 401 *et seq*. (Dkt. #2). In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

In accordance with the Scheduling Order (Dkt. #11), the Commissioner filed the Administrative Transcript on October 13, 2009, containing the record before the Social Security Administration (the "SSA") and listing all of the exhibits that had been before the Administrative Law Judge (the "ALJ"). (Dkt. #12).

Putnam filed Plaintiff's Motion alleging that certain health records of Putnam that he had submitted as evidence to the SSA were not included in the Administrative Transcript. Putnam asks that the case be remanded pursuant to Sentence Four of 42 U.S.C. § 405(g) in order to allow

the Commissioner to correct the record to include the exhibits submitted by Putnam and to allow the ALJ to conduct a *de novo* hearing. In support of his Motion, Putnam attaches the medical documents in question. (Dkt. #16-2 and #16-3). Putnam also attaches a document that he contends is a receipt for the submitted exhibits on a web site called Electronic Records Express. (Dkt. #16-4). The receipt reflects that the exhibits were submitted on April 18, 2008, and the Administrative Transcript shows that the hearing before the ALJ was on April 21, 2008, and the ALJ's decision was issued July 23, 2008. (R. 8-16).

In his Response to Plaintiff's Motion (Dkt. #18), the Commissioner first argues[1] that the attorneys for Putnam did not correctly submit the exhibits because they failed to provide the proper codes that would have associated the documents with Putnam's file. The Commissioner's second argument is that the evidence is cumulative of other evidence relating to Putnam's health.

In his Reply (Dkt. #21), Putnam states that he submitted the documents correctly. He also points out that the receipt states in part that "[y]our information has been submitted and will be processed," and also states that "[y]ou will be notified by email if there are any errors or problems that prevent us from processing your submission." (Dkt. 16-4).

The Tenth Circuit has made clear that social security hearings are subject to procedural due process considerations. *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005). In *Yount*, the claimant was examined after the hearing before the ALJ, and the ALJ subsequently wrote to

---

1 The Court is puzzled by the Commissioner's position that Putnam should not have filed Plaintiff's Motion and instead should have raised this issue only in the briefs on the substantive issue of whether the ALJ's decision should be reversed or affirmed. The Commissioner often files a motion to remand in a Social Security disability case when it discovers procedural problems, including problems with the administrative transcript, and the Court believes that in the present case it was proper for Putnam to file Plaintiff's Motion.

the claimant's counsel that she could request a supplemental hearing. The claimant's counsel made the written request for a supplemental hearing, but the ALJ did not respond to this written request and instead issued a decision unfavorable to the claimant. *Id.* at 1234. Because the claimant's counsel had no "meaningful opportunity to address the post-hearing evidence," the Tenth Circuit ruled that the due process rights of the claimant had been violated, because he had been denied a full and fair hearing. *Id*. at 1236. *See also Taylor v. Astrue*, 2010 WL 3277426 (N.D. Okla.), *quoting Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) ("Procedural or technical errors do not require reversal if the errors are 'minor enough not to undermine confidence in the determination of [the] case.'").

This Court is not in a position to be able to determine whether the exhibits were properly submitted, but Putnam has made a colorable argument that he did properly submit them prior to the hearing before the ALJ. From a cursory review of the substance of the submitted documents, the Court is not able to come to the conclusion their omission, assuming it was erroneous, was such a minor procedural error that the omission does not undermine confidence in the ALJ's determination.

Therefore, this Court's conclusion is that this case should be remanded for further proceedings. *Accord Williams v. Astrue*, 2010 WL 2673867 (S.D. Ind.) (Court was not in a position to resolve factual dispute regarding submission of records, and case was remanded and Commissioner was ordered to make a determination regarding whether the missing exhibits should be made part of the administrative record). On remand, the Commissioner should make a written determination regarding whether the documents submitted by Putnam should be made part of the administrative record. If it is determined that the records should be made part of the administrative record, then the Commissioner should ensure that the entire administrative record

is considered in making any determination regarding Putnam's applications for disability benefits.

Plaintiff's Motion to Remand (Dkt. #16) is **GRANTED**.

**SO ORDERED** this 8th day of September, 2010.

Paul J. Cleary
United States Magistrate Judge